IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-324-KAJ |
| | ) |
| BRIAN EMIG and C/O D'ANGLO, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Richard C. Hunt ("Hunt"), an inmate at the Delaware Correctional Center ("DCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing without prejudice the claim against C/O D'Anglo as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.     THE COMPLAINT**

Hunt alleges that on September 17, 2004, defendants Brian Emig ("Emig") and D'Anglo ("D'Anglo") were conducting the nightly cell security check. Hunt alleges that he was told by Emig to step by the front door until the inspection was finished. Words were exchanged regarding a hot water bowl. Hunt alleges that he was told to step back and as he did, Emig hit him in the jaw and Hunt fell to the floor. Hunt alleges that D'Anglo rushed to the door and Hunt asked Emig why he hit him. Hunt alleges that

Emig replied, "don't even get in his [sic] face again." (D.I. 2.) Hunt filed a medical slip the next day, and an x-ray taken on September 20, 2004, indicated a fractured jaw. On October 20, 2004, surgery was performed on Hunt's fractured jaw.

Hunt seeks compensation for possible future surgery, pain and suffering, and to return him to his condition prior to the injury.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when

"it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

Hunt's claim against D'Anglo does not state a claim for a constitutional violation. There are no allegations that D'Anglo was involved in the injury sustained by Hunt. Nor are there any allegations that D'Anglo failed to protect Hunt from harm.

To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *see also Griffin v. DeRosam*, 153 Fed.Appx. 851, 2005 WL 2891102 (3d Cir. 2005).

The only allegations against D'Anglo are that he conducted a security check with Emig, and that after Hunt fell to the floor D'Anglo rushed to the cell door. Moreover, the complaint does not allege that D'Anglo knew of and disregarded an excessive risk to Hunt's health or safety. Hunt's claim against D'Anglo has no basis in law or in fact. Therefore, I am dismissing the claim as frivolous pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

## IV. APPOINTMENT OF COUNSEL

Hunt moves for appointment of counsel. He states that appointed counsel is necessary because he is incarcerated, unskilled in the law, he is substantially limited in

his access to the law library, the case requires investigation, in previous cases he has failed to properly present his case, a lawyer is necessary for cross-examination, and appointment of counsel would serve the interests of justice.

It is within this Court's discretion to appoint plaintiff an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed Hunt's complaint, I find that his allegations are not of such a complex nature as to warrant appointment of counsel at this time. Therefore, I am denying, without prejudice, the motion for appointment of counsel.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. The motion for appointment of counsel, is DENIED without prejudice, with leave to refile upon service of the complaint.

2. The claim against C/O D'Anglo is DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3. Hunt has raised what appears at this point to be a cognizable excessive force claim against Brian Emig. He is allowed to PROCEED with the claim.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Richard C. Hunt shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **remaining defendant, Brian Emig** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Hunt has provided the Court with copies of the complaint (D.I. 2) for service upon the remaining defendant and the attorney general. Hunt is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall

be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_[signature]_
UNITED STATES DISTRICT JUDGE

June 27, 2006
Wilmington, Delaware